# IN THE COURT OF APPEALS OF IOWA

No. 24-1363
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEWAYNE LAMAR HUNT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Justin Lightfoot, Judge.


        A defendant challenges a jury instruction on appeal from his criminal convictions. **AFFIRMED.**


        Des C. Leehey, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

On appeal from his convictions for a shooting at an apartment complex, Dewayne Hunt challenges an instruction that allowed the jury to infer an intent to kill from his use of a dangerous weapon. The jury acquitted Hunt of attempted murder but found him guilty of the lesser-included offense of assault with intent to inflict serious injury.[1] We reject Hunt's claim of instructional error and affirm his convictions.

In August 2023, Hunt and a group of his friends had a tense encounter with Mykel Lewis at a convenience store. About an hour later, Lewis was sitting outside with his mother on the balcony of her third-floor apartment when they saw two men walk through the neighboring parking lot. Lewis's mother testified that right as her son started talking, the men looked up at the balcony. She heard somebody say, "there, there," and then she saw their "hoodies fly off and there were gunshots." One bullet hit Lewis's mother in her right leg before lodging in her left calf. Other bullets tore through the apartment's walls, and one shattered the sliding glass door to the balcony. Lewis's mother identified Hunt as the shooter.

At Hunt's trial, the jury was instructed that to find Hunt guilty of attempted murder, the State had to prove:

> 1. On or about August 12, 2023, in Linn County, Iowa, the Defendant shot at Mykel Lewis.
> 2. By his acts, the Defendant expected to set in motion a force or chain of events which would cause or result in the death of Mykel Lewis.

---

[1] Hunt was also found guilty of willful injury causing serious injury, intimidation with a dangerous weapon with intent, going armed with intent, and possession of a firearm by a felon. The district court merged his conviction for assault with intent to inflict serious injury into the conviction for willful injury causing serious injury.

3. When the Defendant acted, he specifically intended to cause the death of Mykel Lewis.

The jury was further instructed that "[a]n intent to kill may be, but is not required to be, inferred from the use of a deadly weapon in a deadly manner. Such intent may be inferred even though the wound inflicted does not prove fatal."

Hunt claims the inferred-intent instruction should not have been given because he did not "use a deadly weapon *in a deadly manner*." We review this claim for the correction of errors at law. *State v. Mathias*, 936 N.W.2d 222, 226 (Iowa 2019). In doing so, we "evaluate whether the instruction at issue accurately states the law and whether substantial evidence supports it." *Id.* (cleaned up). "Even when the instruction is erroneous, we will not reverse unless prejudice resulted." *Id.* Hunt's claim fails on all grounds.

Hunt concedes the instruction accurately states the law. *See State v. Krogmann*, 998 N.W.2d 141, 159–60 (Iowa 2023) (affirming use of a similar instruction in an attempted murder case). But he seems to challenge whether substantial evidence supported the "deadly manner" part of the instruction, arguing "there must be a showing either that death of the victim occurred or, absent medical intervention, death would have occurred." Because the victim "did not die, and no medical expert testified that her injury would have been fatal without medical intervention," Hunt contends the instruction should not have been given. We reject this argument. Our supreme court has long held that "an intent to kill may be inferred from the use of a deadly weapon in a deadly manner" and that "[s]uch intent may be thus inferred *though the wound inflicted does not prove fatal*." *State v. Mart*, 20 N.W.2d 63, 66 (Iowa 1945) (emphasis added).

We also reject Hunt's related argument that the "circumstances surrounding the shooting evince an intent to use guns to frighten or injure rather than to kill." The instruction's inference, "which the jury is permitted but never required to make, exists because a rational juror could infer that one who uses a dangerous weapon intends to cause physical harm, and even to kill." *State v. Green*, 896 N.W.2d 770, 780 (Iowa 2017) (internal citation omitted). The record shows that Hunt aimed the gun at the apartment's balcony when he heard Lewis's voice, firing multiple shots in that direction. *See id.* (noting the court has approved an inferred intent-to-kill instruction "when defendants discharged a firearm aimed at a victim"). A reasonable person could find this evidence adequate to conclude that "the natural, ordinary, and probable result of the use of such deadly weapon in such manner would be to take life." *State v. Sullivan*, 50 N.W. 572, 572 (Iowa 1879); *see also State v. Predka*, 555 N.W.2d 202, 204 (Iowa 1996) (stating substantial evidence to support the submission of a jury instruction "is such evidence as would convince a rational trier of fact of what is sought to be proven"). The district court did not err in submitting the inferred-intent instruction to the jury.

Even if the instruction had been erroneously given, Hunt cannot show any prejudice resulted. "When an instructional error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *State v. Schwartz*, 7 N.W.3d 756, 768 (Iowa 2024) (cleaned up). "In determining whether there has been a miscarriage of justice, this court looks to the basis on which the jury actually rested its verdict." *Id.* (cleaned up).

The only count that required the jury to find an intent to kill was attempt to commit murder.  But, as the State points out, the jury did not convict Hunt of attempted murder.  The jury instead found him guilty of the lesser-included offense of assault with intent to inflict serious injury, which does not require an intent to kill.  As a result, Hunt was not prejudiced by the instruction.  *See State v. Files*, 142 N.W.2d 451, 459 (Iowa 1966) (finding defendant was not prejudiced by an instruction where it "related only to murder in the first degree, and defendant was convicted of murder in the second degree").  We accordingly affirm his convictions.

**AFFIRMED.**